# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD SUTTON, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA SERVICE BUREAU, INC., <br><br> Defendant. | Civil Action No.: _____ <br><br><br> COMPLAINT |

For this Complaint, the Plaintiff, DONALD SUTTON, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and violations of Nevada Revised Statutes ("NRS") 649.075, NRS 598.0923 and NRS 41.600 in Defendant's illegal efforts to collect a consumer debt.

1. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

3. The Plaintiff, DONALD SUTTON ("Plaintiff"), is an adult individual

residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant CALIFORNIA SERVICE BUREAU, INC. ("CSB"), is doing business in the State of Nevada as an illegal business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by CSB and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. CSB at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to CSB for collection, or CSB was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

11. CSB attempted to collect the Debt from the Plaintiff in Nevada.

12. Pursuant to NRS 649.020:

> "Collection agency" means all persons engaging, directly or indirectly, and as a primary or a secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due or asserted to be owed or due to another.

13. It is a violation of NRS 649.075(1) to engage in the business of collecting claims for others in the State of Nevada or seek to make collection or obtain payment of any claim on behalf of another without having first applied for and obtained a "license".

14. Pursuant to NRS 649.075(2) "[a] person is not required to obtain a license if the person holds a certificate of registration as a foreign collection agency issued by the Commissioner pursuant to NRS 649.171."

15. At the time it attempted to collect the Debt, CSB did not "hold a certificate of registration as a foreign collection agency issued by the Commissioner pursuant to NRS 649.171" as exempted in NRS 649.075(2).

16. At the time it attempted to collect the Debt, CSB did not first apply for and obtain an NRS 649 license from the Commissioner as required under NRS 649.075(1), prior to collecting the Debt from Plaintiff.

3

17. Accordingly, at the time it attempted to collect the Debt, CSB engaged "in the business of collecting claims for others" without a license and thereby violated NRS 649.075.

18. Further, CSB is not licensed to conduct business in the State of Nevada, and is not registered with the Nevada Secretary of State.

19. CSB therefore violated numerous provisions of NRS 649 *et seq.*

**B. CSB Engages in Harassment and Abusive Tactics**

## FACTS

20. On or about April 19, 2011 the Plaintiff filed for Chapter 13 Bankruptcy in the District of Nevada with his wife bearing Bankruptcy Case No. 11-15850.

21. CSB was disclosed in the Plaintiff's chapter 13 bankruptcy schedules and received notice of the Plaintiff's chapter 13 filing.

22. In fact, on May 3, 2011, CSB filed a proof of claim with the Bankruptcy Court and received payment on its filed claim.

23. CSB never requested, nor was granted, relief from the "automatic" bankruptcy stay as defined by 11 U.S.C. Section 362.

24. Notwithstanding the Plaintiff's goodwill and efforts to restructure his debts through Chapter 13 bankruptcy, CSB has attempted to collect the Debt from the Plaintiff in total disregard of the FDCPA.

4

25. Additionally, CSB in its illegal collection attempts has demanded inaccurate sums of money and stated incorrect balances to CSB.

26. In fact, CSB dunned the Plaintiff at least nineteen (19) times from March 19, 2014 through April 17, 2014.

27. In each dunning letter, CSB attempted to collect a debt which was being paid through the Plaintiff's active chapter 13 bankruptcy plan.

28. This lawsuit results.

## C. **Plaintiff Suffered Actual Damages**

29. The Plaintiff has suffered and continues to suffer actual damages as a result of CSB's unlawful conduct.

30. As a direct consequence of CSB's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## D. **Respondeat Superior Liability**

31. The acts and omissions of CSB, and the other debt collectors employed as agents by CSB who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CSB.

32. The acts and omissions by CSB and these other debt collectors were

incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by CSB in collecting consumer debts.

33. By committing these acts and omissions against Plaintiff, CSB and these other debt collectors were motivated to benefit their principal, Defendant CSB.

34. CSB is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after it knew Plaintiff was represented by an attorney.

37. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendant engaged in communication with the Plaintiff after written notification that the Plaintiff refuses to pay the Debt, or that the Plaintiff requested the Defendant to cease communication with the Plaintiff.

38. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

39. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

40. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

41. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

42. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

43. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

44. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement

between Plaintiff and Creditor.

45. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

46. The Plaintiff is entitled to damages as a result of Defendants' violations.

47. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

### COUNT II
### VIOLATIONS OF NRS 649.075, NRS 598.0923, 41.600(2)(e) AND (AGAINST CSB)

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. CSB's conduct violated NRS 649.075 in that CSB attempted to collect a debt without first obtaining the required license.

50. CSB's conduct violated NRS 598.0923(1) in that CSB was conducting the business of debt collection as defined pursuant to NRS 649 *et seq* without the licenses required under NRS 649.

51. CSB's conduct violated NRS 598.0923(3) in that CSB violated a state or federal statute in attempting to collect the Debt. Specifically, by violating NRS

649 and the FDCPA.

52. These acts constitute "consumer fraud" pursuant to NRS 41.600(3)(a).

53. The Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## COUNT I.

## VIOLATIONS OF 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF NRS 649.075, NRS 598.0923, and NRS 41.600(2)(e),

1. damages in an amount to be determined at trial;

2. injunctive relief prohibiting Defendants from continuing to violate the Nevada Deceptive Trade Practices Act in the future;

3. for statutory damages pursuant to NRS 598.0999;

4. for actual damages;

5. for equitable relief;

6. for punitive damages;

7. for attorney's fees and costs; and

8. for any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 5, 2014

        Respectfully submitted,

        By  /s/David H. Krieger, Esq.
        _____
        David H. Krieger, Esq.
        Nevada Bar No. 9086
        HAINES & KRIEGER, LLC
        8985 S. Eastern Avenue, Suite 130
        Henderson, Nevada 89123
        Phone: (702) 880-5554
        FAX: (702) 385-5518
        Email: dkrieger@hainesandkrieger.com
        Attorney for Plaintiff
        *DONALD SUTTON*